12 CIV 2943



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

REYNALDO NIEVES, individually and as F/N/G OF N.N., a minor,
MINERVA MORALES, individually and as M/N/G of K.N., a minor,
and as M/N/G of ROBERT CUEVAS, THOMAS PANIAGUA,
and JEANNETTE MORALES,

Plaintiffs,

-against-

CITY OF NEW YORK, FIDEL MOREJON, Individually, and JOHN
and JANE DOE 1 through 10, Individually, (the names John and Jane
Doe being fictitious, as the true names are presently unknown),

Defendants.

-------------------------------------------------------------------------X

**COMPLAINT**

<u>Jury Trial Demanded</u>

Plaintiffs REYNALDO NIEVES, N.N., MINERVA MORALES, K.N., ROBERT

CUEVAS, THOMAS PANIAGUA, and JEANNETTE MORALES, by their attorneys,

Leventhal & Klein, LLP, complaining of the defendants, respectfully allege as follows:

<u>**Preliminary Statement**</u>

1.      Plaintiffs bring this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of their civil rights, as said

rights are secured by said statutes and the Constitutions of the State of New York and the United

States.  Plaintiffs also assert supplemental state law claims.

<u>**JURISDICTION**</u>

2.      This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, the Fourth

and Fourteenth Amendments to the United States Constitution.  Plaintiffs assert supplemental

state law claims pursuant to common law and the New York State Constitution.

1

3.    Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.    Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.    Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.    Plaintiff REYNALDO NIEVES is a forty-two year old Hispanic American male, and father of N.N., who resides in the Bronx, New York.

7.    Plaintiff N.N. is a sixteen year old Hispanic American male who resides in the Bronx, New York.

8.    MINERVA MORALES is a forty-eight year old Hispanic American woman who resides in the Bronx, New York.  Plaintiff MINERVA MORALES is the mother and legal natural guardians of K.N., and ROBERT CUEVAS.

9.    Plaintiff K.N. is a seventeen year old Hispanic American female who resides in the Bronx, New York.

10.    Plaintiff ROBERT CUEVAS is a twenty-seven year old Hispanic American male who lives in the Bronx, New York.  Plaintiff CUEVAS is disabled as he suffers from the debilitating effects of cerebral palsy.

11.    Plaintiff THOMAS PANIAGUA is a twenty-three year old Hispanic American male who resides in the Bronx, New York.

2

12.     JEANNETTE MORALES is a twenty-two year old Hispanic American woman who resides in the Bronx, New York.

13.     Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

14.     Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

15.     That at all times hereinafter mentioned, the individually named defendants, FIDEL MOREJON and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

16.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

17.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

18.    On January 13, 2011, at approximately 7:00 p.m., in the lobby of 2314/2318 Crotona Avenue, Bronx, New York, defendant NYPD officers entered said location with guns drawn.

19.    The defendant officers stopped, detained, searched and handcuffed plaintiff N.N.

20.    Defendant officers then escorted plaintiff N.N. to 2322 Crotona Avenue, Bronx, New York, and detained him in the hallway outside of 2322 Crotona Avenue, apartment 5.

21.    At approximately 7:30 p.m., defendant officers illegally entered and searched, 2322 Crotona Avenue, apartment 5, the residence of plaintiffs REYNALDO NIEVES, MINERVA MORALES, N.N., K.N., ROBERT CUEVAS and JEANETTE MORALES.

22.    From approximately 7:30 p.m. to approximately 8:45 p.m., NYPD officers unlawfully detained and searched plaintiffs REYNALDO NIEVES, MINERVA MORALES, JEANETTE MORALES, ROBERT CUEVAS, and K.N, who were inside 2322 Crotona Avenue, apartment 5, when defendant officers illegally entered said apartment.

23.    While inside of said apartment, defendant officers unlawfully touched and searched plaintiff ROBERT CUEVAS by removing and searching his diaper.

24.    At approximately 8:45 p.m., defendant officers released plaintiffs MINERVA MORALES, JEANETTE MORALES, ROBERT CUEVAS, N.N. and K.N and falsely arrested plaintiff REYNALDO NIEVES by handcuffing him.

25.    Defendant officers transported plaintiff REYNALDO NIEVES to an NYPD precinct stationhouse and imprisoned him therein.

26.     While imprisoned in the precinct, NYPD officers illegally strip searched plaintiff REYNALDO NIEVES.  Defendant officers forced plaintiff to remove all his clothing, and to squat, cough, and bend over at the waist.

27.     At approximately 8:00 p.m., in the lobby of 2314 Crotona Avenue, Bronx, New York, defendant officers grabbed plaintiff THOMAS PANIAGUA, slammed him to the floor, and handcuffed him.

28.     Defendant officers escorted plaintiff to 2322 Crotona Avenue and detained him on the ground floor of said building before transporting him to an NYPD precinct stationhouse.

29.     While imprisoned in the precinct, NYPD officers illegally strip searched plaintiff PANIAGUA. Defendant officers forced plaintiff to remove his clothing, and to squat, cough, lift his genitals, and spread his buttocks.

30.     Defendant NYPD officers imprisoned plaintiffs REYNALDO NIEVES and THOMAS PANIAGUA until January 15, 2011 at approximately 10:00 a.m., when the defendant officers released plaintiffs without filing any charges against them.

31.     The defendant police officers MOREJON and JOHN and JANE DOE 1 through 10 either participated in or were present and otherwise aware of the incident and failed to intervene in the illegal conduct described herein.

32.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees, and due to discrimination against plaintiffs due to their race.

33.     The aforesaid event is not an isolated incident.  Defendant CITY OF NEW YORK

is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, engage in falsification, conduct improper strip searches, and are insufficiently trained regarding the quantum of probable cause required to detain, search and arrest individuals, the standard for the proper use of force, and with regard to when to strip search individuals.

34.    Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights.  Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiffs' civil rights.

35.    Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

36.    As a result of the foregoing, plaintiffs REYNALDO NIEVES, N.N., MINERVA MORALES, K.N., ROBERT CUEVAS, THOMAS PANIAGUA, and JEANNETTE MORALES sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of their constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
### (Deprivation of Rights Under 42 U.S.C. §§ 1981 and 1983)

37.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in

paragraphs "1" through "36" with the same force and effect as if fully set forth herein.

38.    All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

39.    All of the aforementioned acts deprived plaintiffs REYNALDO NIEVES, N.N., MINERVA MORALES, K.N., ROBERT CUEVAS, THOMAS PANIAGUA, and JEANNETTE MORALES, members of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

40.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

41.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

42.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

43.    As a result of the foregoing, plaintiffs REYNALDO NIEVES, N.N., MINERVA MORALES, K.N., ROBERT CUEVAS, THOMAS PANIAGUA, and JEANNETTE MORALES are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus

reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Unlawful Entry into the Home 42 U.S.C. § 1983)

44.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45.    Upon information and belief, defendants unlawfully entered plaintiffs REYNALDO NIEVES, N.N., MINERVA MORALES, K.N., ROBERT CUEVAS, and JEANNETTE MORALES' home.

46.    As a result, plaintiffs REYNALDO NIEVES, N.N., MINERVA MORALES, K.N., ROBERT CUEVAS, and JEANNETTE MORALES' right to be free from an unlawful entry into their home via the Fourth Amendment was violated.

47.    As a result of the foregoing, plaintiffs REYNALDO NIEVES, N.N., MINERVA MORALES, K.N., ROBERT CUEVAS, and JEANNETTE MORALES are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
### (False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

48.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49.    Defendants detained plaintiffs REYNALDO NIEVES, N.N., MINERVA MORALES, K.N., ROBERT CUEVAS, THOMAS PANIAGUA, and JEANNETTE MORALES without probable cause, causing them to be unlawfully imprisoned and/or arrested.

8

50.    Defendants  caused  plaintiff  REYNALDO  NIEVES,  N.N.,  MINERVA MORALES, K.N., ROBERT CUEVAS, THOMAS PANIAGUA, and JEANNETTE MORALES to be falsely arrested and/or unlawfully imprisoned.

51.    As a result of the foregoing, plaintiffs REYNALDO NIEVES, N.N., MINERVA MORALES, K.N., ROBERT CUEVAS, THOMAS PANIAGUA, and JEANNETTE MORALES are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Excessive Force under 42 U.S.C. § 1983)

52.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53.    The  level  of  force  employed  by  defendants  was  excessive,  objectively unreasonable and otherwise in violation of plaintiff PANIAGUA's constitutional rights.

54.    As a result of the aforementioned conduct of defendants, plaintiff was subjected to excessive force and sustained physical and emotional injuries.

55.    As a result of the foregoing, plaintiff PANIAGUA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Fourth Amendment Claim of Unreasonable Search under 42 U.S.C. § 1983)

56.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in

9

paragraph numbered "1" through "55" with the same force and effect as if fully set forth herein.

57.    Defendants unreasonably searched plaintiff ROBERT CUEVAS by removing and searching plaintiff's diaper.

58.    Defendants caused ROBERT CUEVAS to be unreasonably searched thereby causing plaintiff to suffer emotional distress, embarrassment and humiliation.

59.    As a result of the foregoing, plaintiff ROBERT CUEVAS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Unlawful Strip Search under 42 U.S.C. §1983)

60.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61.    Defendants strip searched plaintiffs REYNALDO NIEVES and THOMAS PANIAGUA in the absence of reasonable individualized suspicion that plaintiffs were in possession of weapons or contraband at the time they were searched.

62.    Defendants thereby caused plaintiffs REYNALDO NIEVES and THOMAS PANIAGUA to be deprived of their right to be free from unlawful strip searches.

63.    As a result of the foregoing, plaintiffs REYNALDO NIEVES and THOMAS PANIAGUA are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

64.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65.     Defendants had an affirmative duty to intervene on behalf of plaintiffs REYNALDO NIEVES, N.N., MINERVA MORALES, K.N., ROBERT CUEVAS, THOMAS PANIAGUA, and JEANNETTE MORALES, whose constitutional rights were being violated in their presence by other officers.

66.     The defendants failed to intervene to prevent the unlawful conduct described herein.

67.     As a result of the foregoing, plaintiffs REYNALDO NIEVES, N.N., MINERVA MORALES, K.N., ROBERT CUEVAS, THOMAS PANIAGUA, and JEANNETTE MORALES's liberty was restricted for an extended period of time, they were put in fear of their safety, and they were humiliated and subjected to handcuffing and other physical restraints.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. § 1983)

68.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "67" with the same force and effect as if fully set forth herein.

69.     The supervisory defendants personally caused plaintiffs REYNALDO NIEVES, N.N., MINERVA MORALES, K.N., ROBERT CUEVAS, THOMAS PANIAGUA, and JEANNETTE MORALES's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

70.     As a result of the foregoing, plaintiffs REYNALDO NIEVES, N.N., MINERVA

MORALES, K.N., ROBERT CUEVAS, THOMAS PANIAGUA, and JEANNETTE MORALES are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A NINTH CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

71.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "70" with the same force and effect as if fully set forth herein.

72.    The defendants unlawfully imprisoned plaintiffs REYNALDO NIEVES, N.N., MINERVA MORALES, K.N., ROBERT CUEVAS, THOMAS PANIAGUA, and JEANNETTE MORALES, and strip searched plaintiffs REYNALDO NIEVES and THOMAS PANIAGUA, because of their national origin and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

73.    As a result of the foregoing, plaintiffs REYNALDO NIEVES, N.N., MINERVA MORALES, K.N., ROBERT CUEVAS, THOMAS PANIAGUA, and JEANNETTE MORALES were deprived of their rights under the Equal Protection Clause of the United States Constitution.

74.    As a result of the foregoing, plaintiffs REYNALDO NIEVES, N.N., MINERVA MORALES, K.N., ROBERT CUEVAS, THOMAS PANIAGUA, and JEANNETTE MORALES are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
### (Municipal Liability under 42 U.S.C. § 1983)

75.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "74" with the same force and effect as if fully set forth herein.

76.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

77.    The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, engaging in falsification, conducting unwarranted strip searches and seizures, as well as the inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiffs REYNALDO NIEVES, N.N., MINERVA MORALES, K.N., ROBERT CUEVAS, THOMAS PANIAGUA, and JEANNETTE MORALES's rights as described herein.  As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

78.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and the constitutional rights of plaintiffs REYNALDO NIEVES, N.N., MINERVA MORALES, K.N., ROBERT CUEVAS, THOMAS PANIAGUA, and JEANNETTE MORALES.

79.    The foregoing customs, policies, usages, practices, procedures and rules of the

CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs REYNALDO NIEVES, N.N., MINERVA MORALES, K.N., ROBERT CUEVAS, THOMAS PANIAGUA, and JEANNETTE MORALES as alleged herein.

80.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiffs REYNALDO NIEVES, N.N., MINERVA MORALES, K.N., ROBERT CUEVAS, THOMAS PANIAGUA, and JEANNETTE MORALES as alleged herein.

81.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiffs REYNALDO NIEVES, N.N., MINERVA MORALES, K.N., ROBERT CUEVAS, THOMAS PANIAGUA, and JEANNETTE MORALES were unlawfully arrested and/or imprisoned and plaintiffs REYNALDO NIEVES and THOMAS PANIAGUA were strip searched.

82.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff REYNALDO NIEVES, N.N., MINERVA MORALES, K.N., ROBERT CUEVAS, THOMAS PANIAGUA, and JEANNETTE MORALES'S constitutional rights.

83.    All of the foregoing acts by defendants deprived plaintiff REYNALDO NIEVES, N.N., MINERVA MORALES, K.N., ROBERT CUEVAS, THOMAS PANIAGUA, and JEANNETTE MORALES of federally protected rights, including, but not limited to, the right:

      A.    Not to be deprived of liberty without due process of law;

B.    To be free from illegal search of their home;

C.    To be free from false arrest;

D.    To be free from excessive force;

E.    To be free from illegal strip searches;

F.    To be free from the failure to intervene; and

G.    To receive equal protection under law.

84.    As a result of the foregoing, plaintiff REYNALDO NIEVES, N.N., MINERVA MORALES, K.N., ROBERT CUEVAS, THOMAS PANIAGUA, and JEANNETTE MORALES are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

**Supplemental State Law Claims**

85.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "84" with the same force and effect as if fully set forth herein.

86.    Within ninety (90) days after the claim herein accrued, plaintiffs duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

87.    The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

88.    This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

89.    Plaintiffs have complied with all conditions precedent to maintaining the instant

15

action.

90.    This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

91.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "90" with the same force and effect as if fully set forth herein.

92.    Defendants arrested plaintiffs REYNALDO NIEVES, N.N., MINERVA MORALES, K.N., ROBERT CUEVAS, THOMAS PANIAGUA, and JEANNETTE MORALES without probable cause.

93.    Plaintiffs REYNALDO NIEVES, N.N., MINERVA MORALES, K.N., ROBERT CUEVAS, THOMAS PANIAGUA, and JEANNETTE MORALES were imprisoned against their will for an extended period of time and REYNALDO NIEVES, N.N., and THOMAS PANIAGUA were subjected to physical restraints.

94.    As a result of the aforementioned conduct, plaintiffs REYNALDO NIEVES, N.N., MINERVA MORALES, K.N., ROBERT CUEVAS, THOMAS PANIAGUA, and JEANNETTE MORALES were unlawfully imprisoned in violation of the laws of the State of New York.

95.    As a result of the aforementioned conduct, plaintiffs REYNALDO NIEVES, N.N., MINERVA MORALES, K.N., ROBERT CUEVAS, THOMAS PANIAGUA, and JEANNETTE MORALES suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

96.    As a result of the foregoing, plaintiffs REYNALDO NIEVES, N.N., MINERVA

MORALES, K.N., ROBERT CUEVAS, THOMAS PANIAGUA, and JEANNETTE MORALES are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A TWELFTH CAUSE OF ACTION**
(Assault under the laws of the State of New York)

97.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "96" with the same force and effect as if fully set forth herein.

98.    As a result of the foregoing, plaintiffs REYNALDO NIEVES, N.N., THOMAS PANIAGUA, and ROBERT CUEVAS were placed in apprehension of imminent harmful and offensive bodily contact.

99.    As a result of defendant's conduct, plaintiffs REYNALDO NIEVES, N.N., THOMAS PANIAGUA, and ROBERT CUEVAS have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

100.    As a result of the foregoing, plaintiffs REYNALDO NIEVES, N.N., THOMAS PANIAGUA, and ROBERT CUEVAS are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A THIRTEENTH CAUSE OF ACTION**
(Battery under the laws of the State of New York)

101.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "100" with the same force and effect as if fully set forth

17

herein.

102.    Defendants made offensive contact with plaintiffs REYNALDO NIEVES, N.N., MINERVA MORALES, K.N., ROBERT CUEVAS, THOMAS PANIAGUA, and JEANNETTE MORALES without privilege or consent.

103.    As a result of defendants' conduct, plaintiffs REYNALDO NIEVES, N.N., MINERVA MORALES, K.N., ROBERT CUEVAS, THOMAS PANIAGUA, and JEANNETTE MORALES have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

104.    As a result of the foregoing, plaintiffs REYNALDO NIEVES, N.N., MINERVA MORALES, K.N., ROBERT CUEVAS, THOMAS PANIAGUA, and JEANNETTE MORALES are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
### (Unlawful Strip Search under the laws of the State of New York)

105.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "104" with the same force and effect as if fully set forth herein.

106.    Plaintiffs REYNALDO NIEVES and THOMAS PANIAGUA were unlawfully strip searched in the absence of reasonable individualized suspicion that plaintiffs were in possession of weapons or contraband at the time he was searched.

107.    As a result of defendants' conduct, plaintiffs REYNALDO NIEVES and THOMAS PANIAGUA have suffered mental anguish, together with shock, fright, apprehension,

embarrassment, and humiliation.

108. As a result of the foregoing, plaintiffs REYNALDO NIEVES and THOMAS PANIAGUA are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress under the laws of the State of New York)

109. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "108" with the same force and effect as if fully set forth herein.

110. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

111. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

112. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

113. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiffs REYNALDO NIEVES, N.N., MINERVA MORALES, K.N., ROBERT CUEVAS, THOMAS PANIAGUA, and JEANNETTE MORALES.

114. As a result of the aforementioned conduct, plaintiffs REYNALDO NIEVES, N.N., MINERVA MORALES, K.N., ROBERT CUEVAS, THOMAS PANIAGUA, and JEANNETTE MORALES suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

115.    As a result of the foregoing, plaintiffs REYNALDO NIEVES, N.N., MINERVA MORALES, K.N., ROBERT CUEVAS, THOMAS PANIAGUA, and JEANNETTE MORALES are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SIXTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

116.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraph numbered "1" through "115" with the same force and effect as if fully set forth herein.

117.    Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiffs REYNALDO NIEVES, N.N., MINERVA MORALES, K.N., ROBERT CUEVAS, THOMAS PANIAGUA, and JEANNETTE MORALES.

118.    Defendant CITY OF NEW YORK knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

119.    As a result of the foregoing, plaintiffs REYNALDO NIEVES, N.N., MINERVA MORALES, K.N., ROBERT CUEVAS, THOMAS PANIAGUA, and JEANNETTE MORALES are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SEVENTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

120.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "119" with the same force and effect as if fully set forth herein.

121.    Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted, supervised and participated in the arrest of plaintiffs REYNALDO NIEVES, N.N., MINERVA MORALES, K.N., ROBERT CUEVAS, THOMAS PANIAGUA, and JEANNETTE MORALES.

122.    As a result of the foregoing, plaintiffs REYNALDO NIEVES, N.N., MINERVA MORALES, K.N., ROBERT CUEVAS, THOMAS PANIAGUA, and JEANNETTE MORALES are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

123.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "122" with the same force and effect as if fully set forth herein.

124.    Plaintiffs' injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct

described herein.

125.    As a result of the foregoing, plaintiffs REYNALDO NIEVES, N.N., MINERVA MORALES, K.N., ROBERT CUEVAS, THOMAS PANIAGUA, and JEANNETTE MORALES are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A NINETEENTH CAUSE OF ACTION
### (*Respondeat Superior* liability under the laws of the State of New York)

126.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "125" with the same force and effect as if fully set forth herein.

127.    Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

128.    As a result of the foregoing, plaintiffs REYNALDO NIEVES, N.N., MINERVA MORALES, K.N., ROBERT CUEVAS, THOMAS PANIAGUA, and JEANNETTE MORALES are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A TWENTIETH CAUSE OF ACTION
### (Violation of N.Y.S. Constitution Article 1 §11)

129.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "128" with the same force and effect as if fully set forth

herein.

130.    As a result of defendants' conduct, plaintiffs REYNALDO NIEVES, N.N., MINERVA MORALES, K.N., ROBERT CUEVAS, THOMAS PANIAGUA, and JEANNETTE MORALES were deprived of their right to equal protection of laws.

131.    As a result of the foregoing, plaintiffs REYNALDO NIEVES, N.N., MINERVA MORALES, K.N., ROBERT CUEVAS, THOMAS PANIAGUA, and JEANNETTE MORALES are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A TWENTY-FIRST CAUSE OF ACTION
### (Violation of NYS Constitution Article 1 §12)

132.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "131" with the same force and effect as if fully set forth herein.

133.    As a result of defendants' conduct, plaintiffs REYNALDO NIEVES, N.N., MINERVA MORALES, K.N., ROBERT CUEVAS, THOMAS PANIAGUA, and JEANNETTE MORALES were deprived of their right to security against unreasonable searches, seizures, and interceptions.

134.    As a result of the foregoing, plaintiffs REYNALDO NIEVES, N.N., MINERVA MORALES, K.N., ROBERT CUEVAS, THOMAS PANIAGUA, and JEANNETTE MORALES are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, plaintiffs REYNALDO NIEVES, N.N., MINERVA MORALES, K.N., ROBERT CUEVAS, THOMAS PANIAGUA, and JEANNETTE MORALES demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A)    full and fair compensatory damages in an amount to be determined by a jury;

(B)    punitive damages against the individually named defendants in an amount to be determined by a jury;

(C)    reasonable attorney's fees and the costs and disbursements of this action; and

(D)    such other and further relief as appears just and proper.

Dated: Brooklyn, New York
        April 13, 2012

LEVENTHAL & KLEIN, LLP
Attorneys for Plaintiffs
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100

By: _____
    BRETT H. KLEIN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

REYNALDO NIEVES, individually and as F/N/G OF N.N., a minor,
MINERVA MORALES, individually and as M/N/G of K.N., a minor,
and as M/N/G of ROBERT CUEVAS, THOMAS PANIAGUA,
and JEANNETTE MORALES,

                                Plaintiffs,                                Docket No.

        -against-

CITY OF NEW YORK, FIDEL MOREJON, Individually, and JOHN
and JANE DOE 1 through 10, Individually, (the names John and Jane
Doe being fictitious, as the true names are presently unknown),

                                Defendants.

-------------------------------------------------------------------------------X

**COMPLAINT**

**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiffs
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100